## J. F. TEMPLETON *v.* G. H. TOMPKINS, Admr., et al.

STATUTE OF LIMITATIONS — EXPRESS TRUST — A LEGACY WHICH IS MADE AN EXPRESS CHARGE ON REAL ESTATE, CONSTITUTES AN EXPRESS TRUST. — A legacy, which is made by the will an express charge on real estate devised, constitutes an express trust exclusively cognizable, as to its enforcement against the realty, in a court of equity, and is subject to the operation of the limitation prescribed by art. 31, p. 403, Rev. Code, 1857, and not to art. 30 of the chapter on limitations.

APPEAL from chancery court of Warren county. TRIMBLE, J.

The facts of this case are so fully set forth in the opinion of the court as to relieve from any further statement.

*Buck & Clark,* for appellant.

1st. The court below erred in sustaining the demurrer of the defendants, Samuel Templeton and John and Thomas Cochran. The error originated, we conceive, in the court applying to the case, article 30 of section 3, statute of limitations, Rev. Code, 403. The bill seeks the enforcement of an express trust, for which there was no adequate remedy at law, and the law of the thirty-first article of our statute of limitations, prescribing ten years as the bar in such cases, was the law to be applied. Article 30, preceding, limits its application to cases where the cause of action is the common subject of remedy at law and equity. The enforcement of the trust contained in the will is the subject of exclusive chancery jurisdiction.

*Adam & Speed,* for appellees.

The appellant attained his majority August 26, 1856. This suit was instituted June 1, 1869. It is clearly within the bar of the statute of limitations, art. 5, § 2, Rev. Code, p. 399, and is of the class of cases referred to in art. 30, § 3, p. 403. It does not come within the description of causes mentioned in § 31, as exclusively cognizable in equity.

Even under the old common-law practice, *assumpsit* would

lie for a legacy chargeable on land.  Our statute, art. 20, § 15,  Rev. Code, p. 455, enlarging this principle, authorizes suits at law for legacies generally.

TARBELL, J. :

In 1837, John Templeton, since deceased, made his last will and testament by which, after providing for his wife, he disposed of the remainder of his property in the following manner, to wit : Such remainder, both real and personal, to be valued by three disinterested persons, named as directed in the will, which valuation, after deducting $300, otherwise disposed of, was to be divided into four equal parts, one-fourth of which the testator bequeathed to John Cochran and Thomas Cochran, minor grandchildren, one-fourth to Francis Templeton and Henry Templeton, infant grandchildren of the testator by his son, John Templeton, then deceased, one-fourth to Thomas M. Green, and one-fourth to Joseph Templeton, son and executor of the testator.  The will then declares, "The above-named property, both real and personal, is, immediately after the above valuation shall have been made, to vest in and become the absolute property of the said Joseph Templeton, and for his own use and absolute disposal forever, subject to the legacies above specified, and such others as may be herein named.  That the above specified property, with the exception of that given to my wife, both real and personal, is to remain bound and liable for the payment of the above-named legacies, until the payment thereof shall be otherwise secured to the reasonable satisfaction of said legatees or their guardians, to be paid on their severally arriving at the age of twenty-one years, without interest."  The will further provides, "that if both the children of my late son, John Templeton, to wit, Francis and Henry, should die unmarried and without children before their arrival at the age of twenty-one years, then, and in that event, their share shall go and pass to the above-named Thomas M. Green," etc.  On the 1st day of June, 1869, J.

Francis Templeton filed in the chancery court of Warren county a bill of complaint against George H. Tompkins, administrator of the estate of Joseph Templeton, deceased, Mary Green, Samuel Templeton and others, in which it is alleged that John Templeton, the testator, and grandfather of the complainant, died in 1837 ; that Joseph Templeton, son of the testator and executor named in the will, was also deceased, of whose estate the defendant George H. Tompkins was appointed administrator ; that the estate, bequeathed as above, was valued according to the requirements of the will, and the value was fixed at $14,558, all of which passed into the hands of the executor ; that Henry Templeton, brother of complainant, died while an infant, and that the estate or interest of said Henry in the legacy to him and to the complainant, upon the demise of Henry, descended to complainant as his heir at law ; that all of said legacies were paid as they became due, except to the complainant and his brother Henry, deceased ; that complainant attained the age of twenty-one years on the 26th day of August, 1856 ; that payment of the legacy to complainant, and said Henry, deceased, was often requested, but, except about the sum of $1,000, remains unpaid and due, with interest from August 26, 1856 ; that all the personal property which came to the hands of the executor long since disappeared, leaving nothing but the real estate devised by the will ; that said Joseph Templeton held the said lands in trust, charged with the payment of the legacy to complainant and said Henry Templeton, deceased, the whole of which is now due to complainant, who is entitled to have a prior satisfaction thereof out of said land over all claims not valid incumbrances thereon at the date of the testator's death ; that Joseph Templeton, the executor, died in 1863, insolvent ; and that Mary Green, Samuel Templeton, John T. Cochran and Thomas M. Cochran, with complainant, are the only persons interested in this proceeding. The bill prays for an account, that defendants be decreed to pay the

amount found due complainant, or that the lands be subjected to its payment upon general relief.

A decree *pro confesso* was taken against the defendant, Mary Green. The defendant Tompkins, administrator, etc., filed a general demurrer to the bill, which was overruled, and a decree *pro confesso* was entered against him. The defendants Samuel Templeton, J. T. Cochran and T. M. Cochran also demurred to the bill, alleging the following special causes : 1st. Want of equity upon the facts stated ; 2d. The cause of action set forth in the bill did not accrue or arise within six years before the bill was filed or process served, and that the disability through infancy of complainant was removed more than six years before the bill was filed or process served. This demurrer was sustained for the second cause assigned, and the bill was thereupon dismissed. From this decree the complainant appealed, and assigns for error, 1st, that the court erred in sustaining the demurrer, and, 2d, that the court erred in dismissing the bill as to all the defendants, upon sustaining the demurrer of part of them, a *pro confesso* having been taken as to others. Counsel for appellees contends that this case is within the bar of the statute of limitations, art. 5, § 2, Rev. Code, p. 399, and that it is of the class of causes referred to in article 30, § 3, p. 403, while the counsel for the appellant submits that the rule to be applied is prescribed in art. 31, § 3, p. 403, Rev. Code, and that, at all events, the second assignment of error is fatal to the decree of the court below.

Article 30, referred to, is as follows : "Whenever there is a concurrent jurisdiction in the courts of common law and in the courts of equity, of any cause of action, the provisions of this act, limiting a time for the commencement of a suit for such cause of action in a court of common law, shall apply to all suits to be brought for the same cause in a court of chancery."

The last paragraph of article 120, p. 455, Rev. Code, is thus : "And any person having a legacy bequeathed, in any

last will and testament, may sue for and recover the same by action at law."

Article 31, above referred to, provides, that "bills for relief, in case of the existence of a trust not cognizable by the courts of common law, and in all other cases not herein provided for, shall be filed within ten years after the cause thereof shall accrue, and not after ; saving, however, to all persons under disability, as hereinbefore provided, the like period of time after such disability shall be removed."

The complainant attained his majority August 26, 1856 ; this suit was instituted June 1, 1869. If the complainant's right of action was limited to six years, that time expired August 26, 1862. The statutes of limitation were suspended from December 29, 1862, until April 2, 1867, so that, if the complainant was entitled to ten years within which to file his bill, under article 31, above quoted, his cause of action would not have been barred until about the last of November, 1869.

The "trust" herein is one of which a court of equity has exclusive jurisdiction. It is an express trust charged upon and runs with the land. Independent of the statute bar, it is without limitation as to time, and would be enforced at the expiration of twenty, thirty, and even fifty years, as in the reported cases, upon a proper explanation of the delay, a presumption of payment to the contrary, only under certain circumstances arising after the lapse of a great length of time, which may be rebutted. Of the class of trusts in the case at bar courts of common law never did have juris- *had* diction, nor have they now. It is true, that "any person having a legacy bequeathed in any last will and testament," may, by our Code, "sue for and recover the same by action at bar," but as a trust charged upon the realty, courts of law cannot enforce it, as in equity, and, therefore, in such a case, the jurisdiction of the two courts is not concurrent. Story's Eq. Jur., §§ 529, 602, 608, 1520 *a*, 1521, note 1.

Courts of equity often find occasion to withdraw a case from the operation of positive law, and they have, in many

cases, interfered to prevent the bar of the statute. The very basis of equity is to prevent wrong and do justice. On its face the bill in this case presents a claim which in 'equity and conscience ought to be enforced. Story's Eq. Jur., § 1520 *a*. The statute, art. 31, above quoted, greatly restricts the period within which the trusts therein embraced may be enforced by suit, and without reference to the statute limitation, a neglect of ten years to institute legal proceedings is so brief as not to require an explanation of the delay. Though there were no statute limitation, a presumption of payment could not arise in the time within which this action was entertained, and no injustice can be complained of except to the complainant. Story's Eq. Jur., § 1520.

Without determining what class of cases are embraced in art. 30, *supra*, it is clear that the trust in this instance is one not cognizable by the courts of common law. Story's Eq. Jur., §§ 59, 534, 535, 602. Story (Eq. Jur. § 602) says: "In regard to legacies charged on land, courts of equity, for the reasons already stated, exercise an exclusive jurisdiction;" and among the "reasons stated" for the exclusive jurisdiction of equity over this class of trusts are these, that courts of law cannot administer the same remedial justice, nor can they furnish the same protection to the rights of the parties. And herein is afforded a hint as to the cases of concurrent jurisdiction, such as purely personal legacies. Story's Eq. Jur., § 602. Pecuniary legacies of money not chargeable on land. § 593. Specific legacy of chattels. § 591. In matters of account. § 1,520. In cases of bailment. § 60. These may be included in the limitations of art. 30, Code, 403. That the enforcement of express trusts, especially when chargeable on land, is of exclusive equity jurisdiction. Story's Eq. Jur., §§ 29, 59, 60, 534, 535, 602.

The limitation prescribed in art. 31, Code, 403, applies by express terms to "a trust not cognizable by the courts of common law." We are of the opinion that the case presented by the record is one of exclusive equity jurisdiction;

and that, therefore, the court erred in sustaining the demurrer to the bill.

The decree sustaining the demurrer is reversed and the cause remanded, with leave to the defendants to answer in forty days from this date.